IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Gregory Ivory Stamps, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 23 C 4762 |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| Thomas J. Dart, Priscilla Ware, Kevin Kuca, | ) | |
| Thomas Hogan, Velinda Llorens, and | ) | |
| Cook County, Illinois, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Gregory Stamps brings claims for deliberate indifference to her serious medical needs against Defendants Kevin Kuca, Thomas Hogan, and Velinda Llorens. R. 54 ¶¶ 37–45. Stamps also brings a § 1983 *Monell* claim against Defendants Thomas J. Dart, Priscilla Ware, and Cook County, Illinois. *Id.* ¶¶ 46–55. Defendants move to dismiss. R. 61. For the reasons stated below, Defendants' motion is granted.

**Legal Standard**

A Rule 12(b)(6) motion "tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). A complaint must provide "a short and plain statement of the claim" and must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (citations omitted). Facial plausibility exists when the plaintiff pleads factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. In deciding a motion to dismiss, the Court "accept[s] the well-pleaded facts in the complaint as true and draw[s] reasonable inferences in the plaintiff's favor." *Esco v. City of Chicago*, 107 F.4th 673, 678 (7th Cir. 2024).

**Background**

On January 4, 2023, Stamps was a pre-trial detainee at the Cook County Department of Corrections ("CCDOC"). R. 54 ¶ 4. At approximately 1:15am on January 4, Stamps fell out of her top bunk bed while attempting to climb down. *Id.* ¶ 12. She did not have access to a ladder because CCDOC does not provide ladders to detainees. *Id.* ¶ 13. After falling, Stamps began screaming and crying due to pain. *Id.* ¶ 15. Defendant Kevin Kuca came to Stamps' cell around this time and Stamps' cellmate informed Kuca that Stamps had broken her leg. *See id.* ¶¶ 17–18. But Kuca left Stamps' cell without providing any assistance or calling for medical help. *Id.* ¶ 19. Defendant Thomas Hogan came to Stamps' cell around 2:15am and Stamps' cellmate informed Hogan that Stamps had broken her leg. *Id.* ¶¶ 21–22. But Hogan left Stamps' cell without providing any assistance or calling for medical help. *Id.* ¶ 23. Around 5:15am, Defendant Nurse Velinda Llorens saw Stamps during Llorens' morning medication rounds. *Id.* ¶ 25. Llorens examined Stamps' leg, agreed that it was broken, but then left Stamps' cell without providing any assistance or calling for medical help. *Id.* ¶¶ 27–28. Around 11:00am, Stamps was taken to Cermak for a medical evaluation where it was confirmed that Stamps had broken her leg. *Id.* ¶¶ 29–30.

In July 2023, Stamps filed her original complaint against Thomas J. Dart. R. 1. The original complaint alleged that two officers on duty and a Nurse Loraine came to Stamps' cell but did not provide any assistance. *Id.* In November 2023, Stamps filed her first amended complaint against John Doe as the first correctional officer, John Doe as the second correctional officer, and Nurse Loraine. R. 8. In March 2024, Stamps moved for leave to issue "subpoenas for records to the Cook County Health and Hospitals System and the Cook County Sheriff's Office" on the basis that "issuing subpoenas will assist in determining the necessary parties to this matter." R. 14 ¶¶ 6–7. The Court granted that motion in April 2024. R. 16.

In October 2024, Stamps filed her second amended complaint and named Thomas J. Dart, Priscilla Ware, John Doe 1, John Doe 2, Nurse Lorraine, and Cook County, Illinois as defendants. R. 19. In November 2024, Stamps informed the Court that Stamps had not yet received records in response to the subpoenas and remained unable to identify John Doe 1, John Doe 2, and Nurse Lorraine. R. 22. By April 2025, the Cook County Health and Hospitals System had responded to the subpoenas, but the Cook County Sheriff had not. R. 45 ¶¶ 7–9. Following review of the medical records, Stamps remained unable to identify John Doe 1, John Doe 2, and Nurse Lorraine. *Id.* As such, in May 2025, Stamps moved to compel the Cook County Sheriff's Office to produce documents pursuant to the subpoena, R. 45, which the Court granted, R. 46.

On June 5, 2025, the Cook County Sheriff's Office produced documents that identified Velinda Llorens as Nurse Loraine, but Stamps remained unable to identify John Doe 1 and John Doe 2. R. 52. As such, Stamps filed a third amended complaint naming Llorens. R. 51. Finally, Stamps received information sufficient to identify John Doe 1 as Kevin Kuca and John Doe 2 as Thomas Hogan, and Stamps filed a fourth amended complaint on June 23 naming Dart, Ware, Kuca, Hogan and Llorens. R. 54. The fourth amended complaint alleges three counts. Count I is a § 1983 claim against Kuca and Hogan for deliberate indifference to a serious medical condition. *Id.* ¶¶ 37–41. Count II is a § 1983 claim against Llorens for deliberate indifference to a serious medical condition. *Id.* ¶¶ 42–45. And Count III is a § 1983 *Monell* claim against Dart, Ware, and Cook County. *Id.* ¶¶ 46–55.

Defendants move to dismiss on two grounds. First, that Stamps' deliberate indifference claims against Kuca, Hogan and Llorens are time barred. R. 61 at 5. And second, that Stamps failed to state a *Monell* claim. *Id.* at 6–11

**Discussion**

1. **Statute of Limitations**

Stamps' deliberate indifference claims accrued on January 4, 2023. *See Devbrow v. Kalu*, 705 F.3d 765, 768 (7th Cir. 2013) ("A § 1983 claim . . . [for] deliberate indifference to a prisoner's serious medical needs accrues when the plaintiff knows of his physical injury and its cause."). And the statute of limitations ran for two years, until January 4, 2025. *See Wilson v. Wexford Health Sources, Inc.*, 932 F.3d 513, 517 (7th Cir. 2019) (holding that a deliberate indifference claim "is subject to Illinois' two-year statute of limitations" for personal injury actions). In their motion to dismiss, Defendants argue that the deliberate indifference claims must be dismissed because Stamps failed to name Kuca, Hogan and Llorens until June 2025, six months after the statute of limitations expired. R. 61 at 5. In response, Stamps raises two arguments. First, that the amended complaints relate back under Federal Rule of Civil Procedure 15(c)(1)(A) and Illinois law. R. 65 at 7–10. And second, that Stamps is entitled to equitable tolling. *Id.* at 10–12.

   A. **Relation Back**

Under Rule 15(c)(1)(A), an "amendment relates back to the date of the original pleading" when "the law that provides the applicable statute of limitations allows relation back." Turning to Illinois law, which provides the statute of limitations, an amended complaint that names a new defendant after an expired statute of limitations relates back if the following conditions are met: (1) the original complaint was filed within the statute of limitations; (2) the defendant "received such notice of the [action] that the [defendant] will not be prejudiced in maintaining a defense" and "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him or her"; and (3) the amended pleading grew out of the same transaction or occurrence set up in the original pleading. *See* 735 ILCS 5/2-616(d).

4

Illinois' standard "substantially mirrors" the federal standard set forth in Federal Rule of Civil Procedure 15(c)(1)(C). *Walstad v. Klink*, 2018 IL App (1st) 170070, ¶ 19. Rule 15(c)(1)(C) provides, in relevant part, that an amendment relates back when the party to be brought in by the amendment: "(i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."

The similarity between § 2-616(d) and Rule 15(c)(1)(C) is no surprise, given that the 2002 amendments to § 2-616(d) were intended to "bring [§ 2-616(d)] into line with Rule 15(c)." *Borchers v. Franciscan Tertiary Province of Sacred Heart, Inc.*, 2011 IL App (2d) 101257, ¶ 42 (citations omitted). As the Illinois Appellate Court has explained, "we find federal cases interpreting the federal rule persuasive authority regarding the application of section 2-616(d)." *Walstad*, 2018 IL App (1st) 170070 at ¶ 19; *see also Borchers*, 2011 IL App (2d) 101257 at ¶ 45 ("Where a provision of the Illinois Code of Civil Procedure is patterned after a Federal Rule of Civil Procedure, federal cases interpreting the federal rule are persuasive authority with regard to the application of the Illinois provision.").

As such, the Seventh Circuit's decision in *Herrera* is on-point, persuasive authority. *Herrera v. Cleveland,* 8 F.4th 493 (7th Cir. 2021). In *Herrera*, an Illinois state prisoner filed a § 1983 action against three correctional officers of the Cook County Jail. *Id.* at 494. In his timely-filed original complaint, Herrera named John Doe defendants as placeholders and then amended the complaint to include their actual names, but made the amendment outside the two-year limitations period. *Id.* The Seventh Circuit expressly found "that the definition of 'mistake' under Rule 15(c)(1)(C)(ii) does not extend to a John Doe scenario" because "suing a John Doe defendant is a conscious choice, not an inadvertent error." *Id.* at 498–99.

5

Stamps argues that the Court should disregard *Herrera* because earlier decisions by Illinois courts have found otherwise. R. 74 at 4–10. For example, in *Borchers*, Borchers filed a complaint against her employer and "unknown persons" who had wrongfully accessed her emails. 2011 IL App (2d) 101257 at ¶ 20. During discovery but after the statute of limitations expired, Borchers learned that employees Frigo and Maxwell had accessed her emails and named them in an amended complaint. *Id.* ¶¶ 21–22. The Illinois Appellate Court allowed relation back, finding that Borchers' "failure to name Frigo and Maxwell in her initial complaint was a 'mistake' derived from her lack of knowledge about the nature of their involvement." *Id.* ¶ 52. Similarly, in *Zlatev*, Zlatev filed a complaint against known and unknown defendants who attacked him during a fight. 2015 IL App (1st) 143173, ¶¶ 6–9. During discovery but after the statute of limitations expired, Zlatev learned that Millette had been at the fight and named him in an amended complaint. *Id.* ¶¶ 12–14. Again, the Illinois Appellate Court allowed relation back, finding that "[a] plaintiff's lack of knowledge regarding a party's involvement in the wrongdoing giving rise to [a] cause of action may constitute a 'mistake concerning the identity of the proper party' under section 2-616(d)." *Id.* ¶ 56.

Both *Borchers* and *Zlatev*, however, also state that the Illinois's relation back statute "was designed to mirror" the federal one. *Zlatev*, 2015 IL App (1st) 143173 at ¶ 24 ("Section 2–616(d), Illinois's relation-back statute, was designed to mirror Federal Rule of Civil Procedure 15(c)(1)(C), which likewise permits an amended pleading naming a new defendant to relate back to the initial complaint's filing date when, among other things, the new defendant 'knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.'"); *see also Borchers*, 2011 IL App (2d) 101257 at ¶ 42 (citations omitted) (explaining that amendments to § 2-616(d) were "intended to bring section 2-616(d) of the Code into line with Rule 15(c)").

6

In *Salameh v. MTF Club Operations Co., Inc.*, another Northern District of Illinois court explained: "Now that the Seventh Circuit [in *Herrera*] has held that inadequate knowledge of a defendant's identity is not a mistake unless tied to a wrong action, I conclude that Illinois courts interpreting § 2-616(d) today would follow suit and find that plaintiffs' inadequate knowledge of Bober's identity was not a mistake." 2021 WL 4951529, at *4 (N.D. Ill. Oct. 25, 2021) (following *Herrera* rather than *Zlatev* and *Borchers* and finding that "Plaintiffs ran out of time to add Bober"). The Court agrees with the finding in *Salameh* and reaches the same conclusion. Because the Illinois statute was designed to mirror the federal standard, the Court interprets Illinois law consistent with federal law as set forth in *Herrera*. For these reasons, the Court finds that the amended complaints do not relate back to the original complaint and that Stamps is unable to name Kuca, Hogan, and Llorens under the relation back doctrine. The relation back doctrine thus does not save Stamps' claims against Kuca, Hogan and Llorens from dismissal.

**B. Equitable Tolling**

Because the claims are subject to Illinois' statute of limitations, the Court applies Illinois' equitable tolling principles. *See Bryant v. City of Chicago*, 746 F.3d 239, 243 (7th Cir. 2014). As an initial point, "[w]hile equitable tolling is recognized in Illinois, it is rarely applied." *City of Rockford v. Gilles*, 2022 IL App (2d) 210521, ¶ 65. The Supreme Court of Illinois has stated that "[e]quitable tolling may be appropriate if the defendant has actively misled the plaintiff, or if the plaintiff has been prevented from asserting his or her rights in some extraordinary way, or if the plaintiff has mistakenly asserted his or her rights in the wrong forum." *Clay v. Kuhl*, 727 N.E.2d 217, 223 (Ill. 2000). Regarding the second category, the "limitations period can be tolled . . . if the plaintiff faced an extraordinary barrier to asserting her rights in a timely fashion." *Thede v. Kapsas*, 897 N.E.2d 345, 351 (Ill. App. Ct. 2008). "Extraordinary barriers include legal disability, an

7

irredeemable lack of information, or situations where the plaintiff could not learn the identity of proper defendants through the exercise of due diligence." *Id.*; *see also Ralda-Sanden v. Sanden*, 2013 IL App (1st) 121117, ¶ 26 (same).

Here, the question is whether Stamps "could not learn the identity of proper defendants through the exercise of due diligence." As described above, in April 2024, the Court granted Stamps' leave to issue a subpoena. Seven months later, in November 2024, Stamps informed the Court that Stamps had not yet received a response. Stamps then moved to compel six months later in May 2025. Shortly after Stamps moved to compel, the Sheriff's Office turned over documents which identified Kuca, Hogan, and Llorens.

This does not constitute due diligence. As Defendants note, the "Cook County Sheriff's Office was not aware of any outstanding subpoena, Plaintiff's counsel never raised any subpoena issue to counsel for Defendant Sheriff Dart, . . . and Plaintiff's Motion to Compel came as a surprise to Defendant Dart, as Plaintiff filed it without conducting a 37.2 conference." R. 69 at 4–5. The Court granted Stamps leave to issue the subpoena in April 2024, eight months before the statute of limitations expired in January 2025. During this time, Stamps could have informed Defendants of the subpoena or moved to compel. For these reasons, the Court finds that equitable tolling does not apply. Equitable tolling thus does not save Stamps' claims against Kuca, Hogan, and Llorens from dismissal.

   2. *Monell* **Claim**

A "municipality cannot be liable under *Monell* when there is no underlying constitutional violation by a municipal employee." *Sallenger v. City of Springfield, Ill.*, 630 F.3d 499, 504 (7th Cir. 2010); *see also Hart v. Mannina*, 798 F.3d 578, 596 (7th Cir. 2015) ("Because the district court properly dismissed Hart's [underlying] claims against Detective Mannina and the other

8

police officers who participated directly in the investigation leading to Hart's arrest, Hart's [Monell] claims against several supervisory defendants and against the City of Indianapolis also fail."). Here, because the underlying claims against Kuca, Hogan, and Llorens are time barred and thus dismissed, Stamps cannot show an underlying constitutional violation by a municipal employee. Stamps' *Monell* claim is thus also dismissed.

## Conclusion

For the reasons stated above, Defendants' motion [61] to dismiss is granted. Civil case terminated.

**SO ORDERED.**                                          **ENTERED: December 16, 2025**

                                                                    **HON. JORGE L. ALONSO**
                                                                    **United States District Judge**